IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD DAILEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-848-JJF |
| | ) |
| CHASANOV WILLIAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Donald Dailey, Sr., an inmate at the Sussex Correctional Institution brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has paid his filing fee. The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  THE COMPLAINT

Plaintiff filed this action against Defendant William Chasanov, an attorney. Plaintiff alleges Defendant did not provide him with effective assistance of counsel. More particularly, Plaintiff alleges that Defendant waived a preliminary hearing against the wishes of Plaintiff, and that Defendant was ineffective during Plaintiff's first case review. Plaintiff alleges that Defendant's ineffectiveness cost him 14 years of his life and has caused him poor health.

Plaintiff alleges that he paid Defendant $2,500 and that Defendant did what he wanted to do and "not what he was getting paid for". (D.I. 1.) Plaintiff seeks compensatory damages for his pain and suffering alleging Defendant's ineffectiveness caused his health to "take a bad turn". Id.

## II.  STANDARD OF REVIEW

When a litigant seeks to proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Plaintiff initially filed this case without prepayment of the filing fee and later provided the Court with copies of prison trust account statement. (D.I. 2, 3, 4.) He ultimately paid the filing fee. (D.I. 6.)

Section 1915(e)(2)(B) provides that notwithstanding any filing fee that may have been paid, the Court may dismiss a complaint at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent

standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as Plaintiff proceeds pro se, the Court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

### A. Plaintiff's Habeas Claim

Initially, the Court notes that the Delaware Supreme Court affirmed Plaintiff's conviction and sentence of 14 years incarceration, Dailey v. State, 843 A.2d 695 (Del. 2004), and that the Superior Court of Delaware denied Plaintiff's motion for post-conviction relief, In re Dailey, 2005 WL 1950800 (Del. Super. Ct. June 28, 2005). To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973).

A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). In the case at bar, Plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by Heck, and public documents indicate that there has been no reversal.

    B.    **State Actor**

Plaintiff is quite clear in his complaint that he filed the instant action against Defendant because Defendant provided him with ineffective assistance of counsel. He does not seek release from custody, but seeks compensation for the alleged wrongful acts of Defendant.

In the context of a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). As alleged by Plaintiff, Defendant was retained counsel. Clearly, Defendant is not a state actor. Because Defendant is not a state actor, Plaintiff's claim against him fails under § 1983.

The complaint, therefore, will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 15 day of March, 2006, that the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ Joseph J. Farnan, Jr.<br>
UNITED STATES DISTRICT JUDGE